UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID A. GLESNER,

        Plaintiff,

v.                                                         Case No. 03-C-0672

A C BUCKHORN, LLC, *et al.*,

        Defendants.

**ORDER**

Plaintiff David A. Glesner, having been injured by a collapsible bulk box, brought an action against the manufacturers and owner of the box and their insurers. The case is scheduled for trial before this court beginning November 7, 2005. Prior to and during the final pretrial conference, the parties made various motions *in limine*. This order addresses those motions.

**1.    Plaintiff's motion to exclude evidence concerning Social Security, worker's compensation, and other benefits**

Plaintiff moves to preclude reference to his receipt of Social Security, worker's compensation, and other benefits that he receives as a result of his accident. He argues that under Wisconsin law, these benefits are collateral sources that do not reduce his recovery from defendants. The collateral source rule reflects a public policy decision that damages recoverable by an injured party should not be affected by the fact that the party received compensation from other sources, such as sick leave or workers' compensation benefits. *Payne v. Bilco Co.*, 195 N.W.2d 641, 647

(1972); *Rixmann v. Somerset Public Schools*, 266 N.W.2d 326, 330-31 (Wis. 1978). Generally, it requires exclusion of evidence of such benefits. That rule is not, however, absolute. Collateral source evidence is admissible to impeach the plaintiff's credibility. *Hack v. State Farm Mut. Auto. Ins. Co.*, 154 N.W.2d 320, 325 (Wis. 1967). Here, defendants seek to introduce evidence of plaintiff's benefits to explain a possible lack of motivation to return to work. This is a proper purpose, and the evidence will be allowed. A curative instruction will be given, upon plaintiff's request, to guard against unfair prejudice.

**2.     Plaintiff's motion to bar defendants from challenging the fact of his disability**

Plaintiff has also moved to preclude defendants from "relitigating" (Br. at 4) the issue of his permanent and total disability because he has already been determined to be permanently and totally disabled by the Social Security Administration and the Wisconsin Worker's Compensation Division. Plaintiff's reliance on *Michelle T. V. Crozier*, 495 N.W.2d 327 (Wis. 1993), in support of his motion is misplaced. The *Crozier* court held that a defendant who had been convicted of sexually assaulting a minor was estopped from litigating the fact of the assault in a subsequent civil suit by the minor. The court held that Wisconsin recognizes "offensive collateral estoppel," which occurs when "the plaintiff seeks to foreclose a defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Id.* at 328 n. 1. Crucial to the court's holding was the fact that the defendant had (unsuccessfully) contested the fact of the assault at his criminal trial. Here, by contrast, defendants have not had the opportunity to contest the fact of plaintiff's disability. Precluding them from doing so would infringe their rights to jury trial as

2

recognized in the federal and state constitutions. *See id.* at 329. Plaintiff's motion *in limine* will therefore be denied.

**3.    Plaintiff's motion to exclude annuity evidence**

Plaintiff has also moved for an order prohibiting the defense from presenting at trial any testimony or any other evidence regarding the fixed costs of an annuity. The court has discretion to admit evidence concerning annuities that yield immediate returns. *Bychinski v. Sentry Ins. Co.*, 423 N.W.2d 178, 180 (Wis. Ct. App. 1988) ("To the extent that a particular annuity yields an immediate return, the trial court has discretion to decide its admission. Cost of annuity evidence under limited circumstances has been accepted as a factor in assessing damages."). The parties have not made clear the nature of the annuity evidence at issue. The court will reserve its ruling until that nature becomes clear.

**4.    Plaintiff's motion to exclude evidence of the absence of prior accidents**

Finally, plaintiff moves for an order prohibiting the defense from inquiring of any witnesses other than Formrite Industries' employees as to whether there were any accidents involving the bulk box containers either before or after plaintiff's accident. The Seventh Circuit has advised that "[g]enerally speaking, evidence of this sort is properly admitted only if the []defendant shows, as foundation, that the absence of prior accidents took place with respect to [boxes] substantially identical to the one at issue and used in settings and circumstances sufficiently similar to those surrounding the [box] at the time of the accident to allow the jury to connect past experience with the accident sued upon." *Walker v. Trico Mfg. Co.*, 487 F.2d 595, 599 (7th Cir. 1973).

3

Defendants states that they wish to introduce evidence that "of the hundred of thousands of boxes that have been produced and supplied by defendants over the past decade, no other accidents were reported." (Br. at 3.) This evidence is admissible only with respect to boxes "used in settings and circumstances sufficiently similar to those" in which plaintiff was injured. Because it is possible that witnesses other than Formrite employees may be able to offer such evidence, the court will deny plaintiff's motion *in limine*. Defendants are cautioned, however, that any evidence of a lack of other accidents will have to be supported by the foundation outlined in *Walker*.

**5.     Defendants' motion to exclude evidence of remedial measures**

Defendants ask the court to exclude "[a]ny reference to new or different latch spring designs tested or adopted by AC Buckhorn following the manufacture of [the] latch spring in the reusable bulk box at issue." (Defs.' Motion at 1.) The alleged basis for such exclusion is Fed. R. Evid. 407, which reads:

> When, after an injury or harm allegedly cause by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent remedial measures is not admissible to prove negligence, . . . a defect in the product, a defect in a product's design, or a need for a warning or instruction.

As plaintiffs point out, however, the rule requires exclusion of such evidence only when the remedial measures were taken "after [the] injury or harm." Measures taken after the manufacture of the box at issue, but before plaintiff's injury, are admissible. Defendants' motion *in limine* will therefore be denied.

4

Case 1:03-cv-00672-WCG    Filed 11/03/05    Page 4 of 5    Document 112

**6. Defendants' motion to exclude evidence tending to support double recovery**

Defendants seek to preclude plaintiff from recovering the same damages twice under different rubrics. It "goes without saying that the courts can and should preclude double recovery by an individual." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002). Defendants complain that plaintiff seeks double recovery under the rubrics "lost household service capacity" and "personal home and care workers." Plaintiff has explained that the amounts sought do not overlap. To the extent that they do, defendants may explore the topic on cross-examination, and the jury will instruct the court appropriately.[1] Defendants' motion *in limine*, however, will be denied.

**IT IS THEREFORE ORDERED** that the pending motions *in limine* remain under advisement with respect to the matter of annuity evidence. The motions are otherwise **DENIED**.

Dated this   3rd   day of November, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] Defendants also complain that plaintiff seeks double recovery of the same damages as both "lost income" and "lost fringe benefits." (Br. at 4.) The parties have not provided specifics, and the court accordingly declines to address the issue at this juncture.